UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN LE,<br><br>            Plaintiff,<br><br>       v.<br><br>DONALD J. TRUMP, et al.<br><br>            Defendants. | Case No. 2:25-cv-00899-DC-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2, 6, 12-15, 17-20) |

Plaintiff Helen Le is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF Nos. 2, 14, 17.) In addition, pending before the Court are Plaintiff's five miscellaneous motions, including motions for a hearing (ECF Nos. 6, 13) and motions to compel (ECF Nos. 12, 18, 20). For the reasons that follow, the Court recommends Plaintiff's IFP applications be denied, and the Complaint be dismissed without leave to amend. The Court further orders Plaintiff's motions for a hearing and motions to compel be denied.

I.     **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,650.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See* ECF Nos. 2, 14.[2] However, the Court will recommend Plaintiff's IFP applications be denied because the action is facially frivolous and without merit because it fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in

---

[2] Plaintiff's initial IFP application was not signed personally by Plaintiff as required. *See* ECF No. 2; *see also* Fed. R. Civ. P. 11(a); E.D. Cal. Local Rule 131(b). However, Plaintiff's subsequent IFP application was personally signed. *See* ECF No. 14. Plaintiff also subsequently filed a separate request to grant Plaintiff in forma pauperis status. (ECF No. 17.)

forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of the Complaint that this action is frivolous and is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

## II.    SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP applications, Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A

1  claim has facial plausibility when the plaintiff pleads factual content that allows the court
2  to draw the reasonable inference that the defendant is liable for the misconduct alleged."
3  *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the
4  complaint and an opportunity to amend unless the complaint's deficiencies could not be
5  cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80
6  F.3d 336, 339 (9th Cir. 1996).

## III.    THE COMPLAINT

Plaintiff brings this Section 1983 action against Defendants President Donald J. Trump and Elon Musk, Director of the Department of Government Efficiency ("DOGE"). Compl. at 2-3 (ECF No. 1). Plaintiff alleges Defendants misappropriated funds that belonged to Plaintiff under former President Joe Biden's Build Back Better Act. *Id*. at 4-6. Specifically, Plaintiff alleges Defendants "appropriate[d] [her] private money" and have not allowed her to "complain[] to CFBP" or "request Treasury Fund." *Id*. at 5. Plaintiff further alleges Defendants have misappropriated her money of $100 billion with "no delivery for me" and that "this is seen robber, criminal, fraud." *Id*. For relief, Plaintiff requests for an "order" to "punish heavy to Defendant by act as gang before broad day light in USA from President of US, DOGE (closed all their Bank and their property, their company)." *Id*. at 6.

## IV.    DISCUSSION

### A.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d

at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint fails to establish the Court's subject matter jurisdiction. *See* Compl. The Complaint asserts jurisdiction pursuant to 42 U.S.C. § 1983. Compl. at 4. However, Plaintiff fails to sufficiently plead a claim under Section 1983.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). A claim under 42 U.S.C. § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *see also Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, "an official may be liable as a supervisor only if either (1) he or she was personally involved in the constitutional deprivation, or (2) a sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation." *Felarca v. Birgeneau*, 891 F.3d 809, 819-20 (9th Cir. 2018); *Rodriguez v. County of Los Angeles,* 891 F.3d 776, 798 (9th Cir. 2018).

The Complaint does not allege Defendants violated Plaintiff's constitutional rights, nor does the Complaint allege that Defendants acted under color of state law. *See generally* Compl. Plaintiff's bare allegations are insufficient to demonstrate Defendants' connection to, or involvement in any alleged constitutional violations. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Further, any potential claims alleged against Defendant President Trump fail because Defendant President Trump is entitled to absolute immunity. Compl. at 2. The President of the United States of America has absolute immunity from civil suits predicated on official acts taken as the President. *Nixon v. Fitzgerald*, 457 U.S. 731, 733 (1982). Absolute immunity has been "granted to 'the President, judges, prosecutors, witnesses, and officials performing 'quasi-judicial' functions, and legislators.'" *Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991) (citation omitted). Here, while Plaintiff's claim is not specific, it appears the allegations made against Defendant President Trump relate to alleged actions taken in his official capacity. Compl. at 4-6. Therefore, Defendant President Trump is immune from this suit and Plaintiff's claims against Defendant President Trump should be dismissed on this ground as well. Accordingly, because Plaintiff fails to state claim arising under federal law, the Court does not have jurisdiction based on federal question. The Complaint also does not allege an amount in controversy to establish diversity jurisdiction. *See* Compl. Therefore, the Court lacks subject matter jurisdiction under both diversity and federal question.

### B.    Federal Rule of Civil Procedure 8

As explained above, the Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See*

*Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). As discussed above, Plaintiff fails to allege that the Defendants engaged in any conduct that would support a claim under Section 1983. Additionally, Defendant President Trump is immune from this suit.

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Based on these deficiencies, the Complaint is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C.    Plaintiff's Miscellaneous Filings

Plaintiff has filed five miscellaneous motions.[3] *See* ECF Nos. 6, 12, 13, 18, 20. These include motions for a hearing (ECF Nos. 6, 13) and motions to compel (ECF Nos. 12, 18, 20). This action is currently in the screening stage and therefore no defendants have been served and discovery has not yet commenced. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). In addition, there is no other motion or request pending for which a hearing is requested. Plaintiff's motions for a hearing (ECF Nos. 6, 13) and motions to compel (ECF Nos. 12, 18, 20) are therefore DENIED.

### D.    Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the Complaint is without merit because Plaintiff fails to state a claim against Defendants and Defendant President Trump is immune from this suit. *See generally* Compl. In light of the Court's lack of subject matter jurisdiction and the Complaint's deficiencies, granting

---

[3] Plaintiff has also submitted two filings with no requested relief. (ECF Nos. 15, 19.) The Court will disregard these filings.

leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

### V.     CONCLUSION

Based upon the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for a hearing (ECF Nos. 6, 13) are DENIED;
2. Plaintiff's motions to compel (ECF No. 12, 18, 20) are DENIED; and
3. Plaintiff's filings at ECF Nos. 15, 19 will be disregarded.

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motions and request to proceed in forma pauperis (ECF Nos. 2, 14, 17) be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(2009). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 29, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, le0899.25